Charles C.H. Wu, SBN 166756
cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
vreddy@wclawyers.com
Amanda M. Lee, SBN 323140
alee@wclawers.com
**WU & REDDY, A PROF. CORP.**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for plaintiff Julie Cheng a.k.a. Julie Xingzhou Cheng a.k.a. Xingzhou Cheng

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE CHENG a.k.a. JULIE XINGZHOU CHENG a.k.a. XINGZHOU CHENG an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP, a Chinese Limited Partnership,<br><br>Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT; and**<br>**(2) ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff JULIE CHENG a.k.a. JULIE XINGZHOU CHENG a.k.a. XINGZHOU CHENG, an individual (hereinafter, "Plaintiff Cheng" or "Plaintiff"), hereby alleges against defendant ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP, a Chinese Limited Partnership (hereinafter, "Defendant Zhuhai"), as follows:

**THE PARTIES**

1. Plaintiff JULIE CHENG a.k.a. JULIE XINGZHOU CHENG a.k.a.

XINGZHOU CHENG, is an individual residing in the State of California, County of Orange.

2. Plaintiff Cheng is informed and believes and thereon alleges that Defendant ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP ("Defendant Zhuhai"), is and at all times relevant was, a Chinese Limited Partnership.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action under 9 U.S.C. § 203, and 28 U.S.C. § 2201.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

5. Plaintiff Cheng is informed and believes and thereon alleges that the Court has personal jurisdiction over judgment creditor/Defendant Zhuhai, which has initiated litigation in a related case before this Court per 9 U.S.C. § 207 in 2023 to enforce its December 2021 arbitration award in China against Plaintiff Cheng's husband, Phillip Liang Zhang a.k.a. Phillip Zhang ("Zhang" or "Debtor Zhang"), and subsequent Judgment issued by this Court on January 29, 2025 ("Original Judgment") and Amended Judgment on April 25, 2025 ("Amended Judgment") (Case No. 8:23-CV-2059, Zhuhai v. Zhang; hereinafter, the "2023 District Court Case"; *see specifically* Dkt. Nos. 47 and 91).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) because Plaintiff Cheng (non-debtor) resides in this district and owns real property and personal property which Defendant Zhuhai has enforced and is attempting to enforce upon pursuant to its Judgment and Amended Judgment against Zhang.

7. Venue is also proper in this judicial district because the acts and transactions complained of by Plaintiff Cheng against Defendant Zhuhai were carried out, made effective and had effect within the State of California and within this judicial district. Defendant Zhuhai has committed acts expressly aimed at the forum jurisdiction via its

improper enforcement of its Judgment and Amended Judgment that have caused harm to Plaintiff Cheng in the forum jurisdiction.

## FACTUAL BACKGROUND

***TRANSMUTATION AGREEMENT BETWEEN PLAINTIFF CHENG AND ZHANG***

8. In 2012, Plaintiff Cheng set up a revocable living trust (the "2012 Living Trust") with her husband Phillip Zhang ("Zhang"). In said trust, two separate schedules of assets were used: one schedule for Zhang and one schedule for Plaintiff Cheng, a true and correct copy of which is attached hereto and fully incorporated herein as **Exhibit "1."**

9. In 2014, Plaintiff Cheng and Zhang entered into an "After Marriage Property Acquisition and Allocation Agreement – Property Assets Allocation Agreement (the "2014 Agreement"), a true and correct copy of which is attached hereto and fully incorporated herein as **Exhibit "2."** The 2014 Agreement affirms the two separate schedules of the 2012 Living Trust. The 2012 Living Trust and the 2014 Agreement are collectively hereinafter referred to as the "Transmutation Agreement." California Family Code § 852.

10. In 2019, Plaintiff Cheng restated her portion of the 2012 Living Trust as an Irrevocable Trust (the "2019 Irrevocable Trust").

***DEFENDANT ZHUHAI'S 2021 FOREIGN ARBITRAL AWARD AGAINST ZHANG AND ITS INITIATION OF THE 2023 DISTRICT COURT CASE IN THIS MATTER***

11. Upon information and belief, in or about December 2021, Defendant Zhuhai obtained a foreign arbitral award ("2021 Foreign Arbitral Award") in China in its favor against Zhang, based on alleged breaches of 2016 and 2018 dated written agreements entered into via Defendant Zhuhai and Zhang, via the Shanghai Arbitration Commission (Plaintiff Cheng was not a party to said foreign arbitration proceeding.)

12. The subject contracts that were the basis of the 2021 Foreign Arbitral Award in favor of Defendant Zhuhai, were all entered into well after the date of the Transmutation

Agreement, *i.e.,* the 2012 Living Trust and the 2014 Agreement between Plaintiff Cheng and Zhang.

13. Upon information and belief, in or about early November 2023, Defendant Zhuhai consented to personal jurisdiction in this Court and initiated in this Court the following litigation proceeding against Zhang (Plaintiff Cheng was not a party): Petition for Recognition and Enforcement of Foreign Arbitral Award Under 9 U.S.C. § 207 ("Petition"), Case No. 8:23-CV-2059, Zhuhai v. Zhang; hereinafter, *i.e.,* "2023 District Court Case."

***DEFENDANT ZHUHAI'S 2025 JUDGMENT AND AMENDED JUDGMENT AGAINST ZHANG IN THE 2023 DISTRICT COURT CASE, AND ITS IMPROPER_ENFORCEMENT THEREOF AGAINST PLAINTIFF CHENG WHOM IS A NON-DEBTOR, INCLUDING AS AGAINST HER CLAIMED SEPARATE ASSETS***

14. Upon information and belief, Defendant Zhuhai's Petition was granted in the 2023 District Court Case and it was awarded an original judgment by this Court on January 29, 2025, i.e., the "Original Judgment," and Amended Judgment in the amount of approximately U.S. $4.8 Million on April 25, 2025, i.e., the "Amended Judgment" (*see* "2023 District Court Case, Dkt. Nos. 47 and 91, respectively).

15. Upon information and belief, notwithstanding Defendant Zhuhai's knowledge of the Transmutation Agreement, i.e., the 2012 Living Trust and 2014 Agreement, it has disregarded it entirely and attempted to recklessly enforce its Judgment and Amended Judgment against bank accounts/financial account assets which are in the sole name of Plaintiff Cheng, a non-debtor, including levying upon multiple of such assets to date.

16. Upon information and belief, Defendant Zhuhai has taken the position that notwithstanding the existence of the Transmutation Agreement, that any and all assets which bear Plaintiff Cheng's name are subject to enforcement pursuant to its Judgment and Amended Judgment.

17. Defendant Zhuhai has also taken rash post-judgment enforcement actions in the 2023 District Court Case, including seeking an Ex Parte Application for Order Appointing Temporary Receiver, which this Court denied on July 16, 2025. (*see* "2023 District Court Case, Dkt. No. 137).

### *PLAINTIFF CHENG'S SEPARATE PROPERTY GIFT AND INHERITANCE MONIES AND INTER-SPOUSAL LOAN ARRANGEMENTS WITH DEBTOR ZHANG*

18. In or about early 2016, Plaintiff Cheng's father-in-law Cheung Hau Tsun executed a Will instrument ("2016 Will") in Hong Kong which was witnessed, and wherein the beneficiaries of the 2016 Will were solely Plaintiff Cheng and Plaintiff Cheng's daughter.

19. From 2016 through 2019 (while alive), Mr. Tsun gifted monies to Plaintiff Cheng, and also through 2021 pursuant to the 2016 Will, after Mr. Tsun passed away. Said gift and Will monies are hereinafter referred to as Plaintiff Cheng's "Gift/Inheritance Monies."

20. Via said Gift/Inheritance Monies, Plaintiff Cheng purchased assets intended to be her separate property assets, including without limitation the following real property in 2019 located at: 145 Linda Vista, Irvine, California 92618 (the "Linda Vista Property").

21. After Plaintiff Cheng's Linda Vista Property was sold in 2024, she agreed to loan Zhang certain proceeds from said sale in the approximate cumulative amount of $770,000 that he could use towards his separate property business ventures, with the expectation that said loan funds would be paid back to Plaintiff Cheng.

22. Plaintiff Cheng is informed and believes and thereon alleges that Plaintiff Cheng's assets are separate from Zhang's, and that she has a constitutional due process right to litigate the above-mentioned matter before judgment creditor/Defendant Zhuhai can encumber or levy on her separate property assets or attempt to do so.

## COUNT I

## DECLARATORY JUDGMENT-28 U.S.C. § 2201

## [BY PLAINTIFF CHENG AGAINST DEFENDANT ZHUHAI]

23. Plaintiff Cheng repeats and realleges paragraphs 1 through 22 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

24. This claim for declaratory judgment arises under 28 U.S.C. § 2201.

25. An actual controversy now exists between non-debtor Plaintiff Cheng and Defendant Zhuhai, concerning the respective rights and obligations of the parties including the validity and enforceability of Transmutation Agreement, i.e., the 2012 Living Trust and 2014 Agreement.

26. An actual controversy now exists between non-debtor Plaintiff Cheng and Defendant Zhuhai, concerning what assets are her separate property pursuant to the Transmutation Agreement and her Gift/Inheritance Monies pursuant to the 2016 Will, and thus not subject to the operative Amended Judgment issued to Defendant Zhuhai against Zhang.

27. An actual controversy now exists between non-debtor Plaintiff Cheng and Defendant Zhuhai, concerning tracing of Plaintiff Cheng's separate property assets including without limitation, relating to monies Plaintiff Cheng received as separate property via gift and inheritance, and relating to separate property loans between Plaintiff Cheng and her husband Zhang.

28. In addition, Plaintiff Cheng is informed and believes and thereon alleges, that Defendant Zhuhai, has engaged in improper activities in an attempt to enforce its operative Amended Judgment obtained in April 2025 via the 2023 District Court Case, against non-debtor Plaintiff Cheng, including without limitation her separate property asset bank and financial accounts, which requires an adjudication by this court.

29. Plaintiff Cheng thus seeks declaratory judgment on all of these issues.

**COUNT II**

**ACCOUNTING**

**[BY PLAINTIFF CHENG AGAINST DEFENDANT ZHUHAI]**

30. Plaintiff Cheng repeats and realleges paragraphs 1 through 29 of the Complaint herein and incorporates the same by reference as though fully set forth herein.

31. Plaintiff Cheng is informed and believes and thereon alleges, that Defendant Zhuhai has infringed on Plaintiff Cheng's rights by enforcing its Judgment and/or Amended Judgment against assets that Plaintiff Cheng deems to be her separate property assets pursuant to the Transmutation Agreement, and continues to do so.

32. Plaintiff Cheng is informed and believes and thereon alleges, that Defendant Zhuhai has in its possession and/or control, the documents and records necessary to establish the extent of its enforcement actions pursuant to its Judgment and Amended Judgment.

33. Plaintiff Cheng is entitled to an accounting requiring Defendant Zhuhai to provide all information related to its enforcement actions pursuant to its Judgment and Amended Judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cheng prays for the following judgment against Defendant Zhuhai on her Complaint as follows:

1. An Order adjudging that the 2012 Living Trust is valid and enforceable;

2. An Order adjudging that the 2014 Agreement is valid and enforceable;

3. An Order adjudging that non-debtor Plaintiff Cheng has separate real property and personal property assets that are exempt and not subject to being seized by Defendant Zhuhai and are outside the parameters of enforcement of its Amended Judgment against Zhang;

4. For a preliminary and permanent injunction enjoining Defendant Zhuhai, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant Zhuhai, from undertaking any enforcement

efforts of its Amended Judgment as it pertains to any real property or separate property in the name of Plaintiff Cheng and/or that Plaintiff Cheng contends is her separate property, until the validity and enforceability of the Transmutation Agreement (i.e., the 2012 Living Trust and the 2014 Agreement) are adjudicated in this Court;

5. An award of damages adequate to compensate Plaintiff Cheng for the injuries caused to her by Defendant Zhuhai's improper and illegal enforcement of its Judgment against Plaintiff Cheng as it pertains to her separate property assets;

6. That Plaintiff Cheng be entitled to restitution and recovery of compensatory, general and special damages against Defendant Zhuhai in a sum according to proof at trial;

7. That Plaintiff Cheng be awarded her attorneys' fees from Defendant Zhuhai;

8. That Plaintiff Cheng be awarded pre-judgment and post-judgment interest and all costs associated with this action;

9. An order for accounting wherein the Defendant Zhuhai be required to provide all information related to its enforcement and attempted enforcement of its Judgment against Zhang as it pertains to any assets that are in the name of Plaintiff Cheng; and

10. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Cheng hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**WU & REDDY, A PROF. CORP.**

Dated: July 16, 2025

By: /s/ Vikram M. Reddy
Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
Amanda M. Lee, Esq.
Attorneys for Plaintiff Julie Cheng a.k.a. Julie Xingzhou Cheng a.k.a. Xingzhou Cheng