Charles C.H. Wu, SBN 166756
(cchwu@wclawyers.com)
Vikram M. Reddy, SBN 228515
(vreddy@wclawyers.com)
Amanda M. Lee, SBN 323140
(alee@wclawyers.com)
**WU & REDDY, A PROF. CORP.**
98 Discovery, Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for Plaintiff and Non-debtor Julie Xingzhou Cheng

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION**

| | |
|---|---|
| JULIE CHENG a.k.a. JULIE XINGZHOU CHENG a.k.a. XINGZHOU CHENG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP, a Chinese Limited Partnership,<br><br>Defendant. | CASE NO. 8:25-cv-01553-MRA-JDEx<br>Related Case:<br>CASE NO. 8:23-cv-02059-MRA-JDEx<br><br>District Judge: Mónica Ramírez Almadani<br>Magistrate Judge: John D. Early<br><br>**NON-DEBTOR AND PLAINTIFF JULIE XINGZHOU CHENG'S EX PARTE APPLICATION TO STAY ENFORCEMENT OF JUDGMENT CREDITOR'S JUDGMENT (ORIGINAL AND AMENDED), AS TO ANY AND ALL ASSETS IN THE NAME OF NON-DEBTOR CHENG, PENDING A RESOLUTION OF THIS ACTION**<br><br>**L.R. 7-19** |

**TO THE COURT, PETITIONER, RESPONDENT, AND ALL COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff and <u>Non-debtor</u> Julie Cheng a.k.a. Julie Xingzhou Cheng ("Plaintiff/Non-Debtor Cheng") will and hereby does apply *ex parte* for an order of this Court for the following:

(1) to stay enforcement of defendant and judgment creditor ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP's ("Defendant/Judgment Creditor", the "Zhuhai Case") operative Amended Judgment for approximately $5.0 million against debtor PHILLIP LIANG ZHANG issued on or about April 25, 2025 ("Amended Judgment") DKT. 91 in the Zhuhai Case, as to any and all assets in the name of Plaintiff/Non-Debtor Cheng, pending resolution of her Complaint for declaratory relief initiated before this Court on July 16, 2025 (later transferred to Judge Almadani and designated as CASE NO. 8:25-cv-01553-MRA-JDEx (the "Cheng Case"), and consolidated with CASE NO. 8:23-cv-02059-MRA-JDEx (the "Zhuhai Case"), collectively, the "Current Action") (Plaintiff/Non-Debtor Cheng's July 16, 2025 filed Complaint with exhibits is attached hereto and fully incorporated herein as **Exhibit "1"** for reference;

(2) that any funds previously levied and executed upon to date pursuant to Defendant/Judgment Creditor's Amended Judgment, or original Judgment entered on January 29, 2025 against debtor PHILLIP LIANG ZHANG ("Original Judgment"), from accounts in the name of Plaintiff/Non-Debtor Cheng, including without limitation those in the possession of Defendant/Judgment Creditor and/or the United States Marshals Service, be returned to the banking or other financial institution and to the specific accounts upon which said funds were levied; and

(3) that any funds in accounts that are in the name of Plaintiff/Non-Debtor Cheng and that are currently being held/frozen by any banking or other financial institution, pursuant to a notice of levy issued based on Defendant/Judgment Creditor's Amended Judgment or Original Judgment, be released from such hold; and

(4) that the relief sought above as part of this ex parte application include any and all of Plaintiff/Non-Debtor Cheng's bank accounts in her name (and her non-debtor/daughter Emma Zhang, of which Plaintiff/Non-Debtor Cheng is merely a custodian for her child; specifically Bank of America Acct. #3795) at banking and financial institutions, including without limitation: Wells Fargo Bank, Charles Schwab, Cathay Bank, Ascensus Trust Company; and Bank of America.

This Ex Parte application ("Application") is made pursuant to L.R. 7-19 *et seq*., Judge Almadani's ex parte procedures, and is based on this Notice, the Memorandum of Points and Authorities, accompanying Declaration of Plaintiff/Non-Debtor Cheng and Declaration of Vikram M. Reddy, and all pleadings, records, and papers on file with the court.

**Good Cause Exists for the *Ex Parte* Application**

Good cause exists for this *Ex Parte* Application because of the exigent circumstances, wherein Plaintiff/Non-Debtor Cheng has and will suffer further irreparable harm and prejudice if assets in her name continue to be levied and executed upon pursuant to the Original Judgment and/or Amended Judgment entered against her husband PHILLIP LIANG ZHANG, until a determination of whether said assets are her exempt separate property. To that end, Plaintiff/Non-Debtor Cheng filed her Complaint for declaratory relief with this Court on July 16, 2025 (now CASE NO. 8:25-cv-01553-MRA-JDEx), the Cheng Case, to deem such assets her exempt separate property.

Plaintiff/Non-Debtor Cheng will also suffer further irreparable prejudice if this motion is heard according to regular noticed motion procedures, considering the latest Notices of Levy under Writ of Execution were issued by Defendant/Judgment Creditor on August 1, 2025, and said levy efforts may already be consummated and funds dissipated prior to a noticed motion being heard by this Court.

As representative examples, on August 1, 2025, shortly after Plaintiff/Non-Debtor Cheng filed her Complaint for declaratory relief as part of the Current Action, Notices of Levy under Writ of Execution pursuant to the Amended Judgment were issued by

Defendant/Judgment Creditor, for accounts in Plaintiff/Non-Debtor Cheng's name at the following banks and financial institutions (see **Exhibits "2-6"** attached hereto, incorporated herein, respectively):

-Wells Fargo Bank;

-Charles Schwab;

-Cathay Bank;

-Ascensus Trust Company; and

-Bank of America.

**Bank of America**

In response thereto, Bank of America already indicated that it would turn over to the U.S. Marshals Service accounts funds in its possession in the name of Plaintiff/Non-Debtor Cheng effective August 19, 2025. (See Bank of America letters dated August 6, 2025, collectively attached hereto as **Exhibit "7."**)

**Charles Schwab**

Similarly, in response thereto, Charles Schwab already indicated that certain of Plaintiff/Non-Debtor Cheng's Charles Schwab accounts have and will be restricted up to the amount of Creditor Zhuhai's judgment. (See Charles Schwab letter to the U.S. Marshals Service dated August 5, 2025, attached hereto as **Exhibit "16."**)

Based on the foregoing, ex parte relief is required and moving party/Plaintiff/Non-Debtor Cheng did not create the circumstances warranting ex parte relief. Plaintiff/Non-Debtor Cheng only recently became a party when she initiated her Complaint for declaratory relief in this action on July 16, 2025 (CASE NO. 8:25-cv-01553-MRA-JDEx).

**Defendant/Judgment Creditor's March 27, 2025 Writ of Execution (Based on Original Judgment entered in Jan. 2025) Was Superseded by its July 11, 2025 Writ of Execution (Dkt. 133 in the Zhuhai Case)(Based on Amended Judgment entered in April 2025 (Dkt. 91 in the Zhuhai Case))**

In addition to seeking any further enforcement efforts against Plaintiff/Non-Debtor Cheng be stayed until the Current Action is adjudicated, to the extent any prior judgment enforcement efforts/levies by Defendant/Judgment Creditor were undertaken pursuant to an outdated and superseded Writ of Execution, those funds should likewise be returned to their original source.

Specifically, Judgment Creditor does not dispute that its March 27, 2025 Writ of Execution (Dkt 76 in the Zhuhai Case) (based on the Original Judgment) was superseded by its July 11, 2025 Writ of Execution (Dkt 133 in the Zhuhai Case) (based on its Amended Judgment) (Dkt 91 in the Zhuhai Case). (See Judgment Creditor's letter July 29, 2025 letter to the U.S. Marshals Service, attached hereto and incorporated herein as **Exhibit "8,"** at pg. 1, last paragraph, to pg. 2 first paragraph.

Moreover, the July 11, 2025 Writ of Execution was not submitted to the United States Marshal for enforcement until July 28, 2025. Thus, any account funds of Plaintiff/Non-Debtor Cheng levied prior to such date or thereafter that were based on the outdated/superseded writ (Dkt 76 in the Zhuhai Case) (and the outdated Original Judgment) (Dkt 47 in the Zhuhai Case) should be returned to their original source, including but not limited to Plaintiff/Non-Debtor Cheng's accounts at: Wells Fargo Bank, Charles Schwab, Cathay Bank, Ascensus Trust Company; and Bank of America. (See **Exhibit "8,"** at pg. 1, last paragraph.)

Said July 28, 2025 letter (Ex "8") also concluded by stating: "As the **Superseded Writ** is no longer in effect, the processes that were served with the Superseded Writ **are no longer valid**." (See **Exhibit "8,"** at pg. 1, last paragraph, to pg. 2, first paragraph.)(Emphasis added.) Therefore, any funds levied pursuant to the "Superseded Writ" (and the non-operative Original Judgment) should be returned.

**Identification of Attorneys/Parties**

The contact information for the parties' counsel is as follows:

Counsel for Plaintiff/Non-Debtor Cheng:

Charles C.H. Wu; cchwu@wclawyers.com
Vikram M. Reddy; vreddy@wclawyers.com
Amanda M. Lee; alee@wclawyers.com
Wu & Reddy, A Prof. Corp.
98 Discovery, Irvine, CA 92618-3105
Telephone: (949) 251-0111

Counsel for Defendant/Judgment Creditor:
Matthew B. Mock
Phone: (415) 901-8775;
Email: matthew.mock@afslaw.com;

Oscar Figueroa
Phone: (213) 443-7525
Email: oscar.figueroa@afslaw.com

ArentFox Schiff LLP
555 South Flower Street, 43rd Floor
Los Angeles, CA 90071

Jonathan Judge
Phone: (312) 258-5587
Email: jonathan.judge@afslaw.com

ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606

## Notice of *Ex Parte* Application (L.R. 7-19)

On August 21, 2025, at approximately 12:58 p.m.., Plaintiff/Non-Debtor Cheng's counsel gave notice of this *Ex Parte* Application to Defendant/Judgment Creditor's counsel of record based in Los Angeles and Chicago by email. (Reddy Decl., ¶ 4, **Exhibit "17**.)

As part of said email, Plaintiff/Non-Debtor Cheng's counsel offered to have a telephonic conference on the same day to further discuss any details. (Reddy Decl., ¶ 5, **Exhibit "17**.)

Judgment Creditor Zhuhai thereafter responded that it intends to file an opposition to this *Ex Parte* Application. (Reddy Decl., ¶ 6, **Exhibit "17**.) Opposing/Creditor counsel Jonathan Judge also requested that Plaintiff/ Non-Debtor Cheng delay her filing by one day due to his colleagues not being available. As a courtesy, Moving party/ Plaintiff/ Non-Debtor Cheng accommodated this request by filing this *Ex Parte* Application on Friday Aug. 22, 2025 instead of on Thursday August 21, 2025. (Reddy Decl., ¶ 7, **Exhibit "17**.)

No prior *Ex Parte* Application has been filed by Plaintiff/Non-Debtor Cheng seeking the relief herein. (Reddy Decl., ¶ 8.)

Respectfully submitted,

**WU & REDDY, A PROF. CORP.**

Dated: August 22, 2025

By: /s/ Vikram M. Reddy______
Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
Amanda M. Lee, Esq.
Attorneys for Plaintiff and Non-Debtor
Julie X. Cheng

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF/NON-DEBTOR CHENG'S JULY 16, 2025 COMPLAINT FOR DECLARATORY RELIEF AND AN ACCOUNTING

Plaintiff/Non-Debtor Cheng contends assets that are in her name are her separate property and exempt because she and judgment debtor entered into a transmutation agreement in 2014, which is the crux of the Cheng Case. At a minimum, Cheng's accounts should not be levied upon, until this Court renders a decision on the following issues pursuant to her Complaint filed on July 16, 2025 (CASE NO. 8:25-cv-01553-MRA-JDEx)(Dkt. in the Cheng Case) (*See* **Exhibit "1"**):

1. the validity of judgment debtor Phillip Liang Zhang and Plaintiff/Non-Debtor Cheng's 2012 Living Trust and 2014 After Marriage Property Acquisition and Allocation Agreement – Property Assets Allocation Agreement (further discussion below) (collectively, the "Transmutation Agreement"), which delineate the two separate schedules of judgment debtor Phillip Liang Zhang and Plaintiff/Non-Debtor Cheng respective separate assets;

2. whether Plaintiff/Non-Debtor Cheng assets in her name are to be deemed her separate property pursuant to the Transmutation Agreement and thus exempt from any enforcement attempts by Defendant/Judgment Creditor; and

3. an accounting for any improperly levied separate property thus far by Defendant/Judgment Creditor, all of which funds should be returned.

Thus, it would be irreparably prejudicial for Plaintiff/Non-Debtor Cheng, who is not a debtor, to have her assets (which she contends via her July 16, 2025 Complaint are her separate property) levied upon in the interim, and any past levied funds should be returned to their original source, *i.e.,* Plaintiff/Non-Debtor Cheng's accounts.

Lastly, judgment creditor Zhuhai Dingfu is a foreign creditor located in China. After Plaintiff/Non-Debtor Cheng's funds are levied and transferred to China and if Cheng prevails on the Current Action, the chance of having her funds coming back from China is slim to none.

## II. REPRESENTATIVE EXAMPLES OF PLAINTIFF/ NON-DEBTOR CHENG'S ASSETS SHE DEEMS HER SEPARATE PROPERTY ASSETS, AND THAT CONSTITUTIONAL DUE PROCESS DICTATES SHOULD BE ADJUDICATED PER HER JULY 16, 2025 FILED COMPLAINT, BEFORE SUCH ASSETS ARE LEVIED

Representative examples of levies by Defendant/Judgment Creditor thus far relating to assets that Plaintiff/Non-Debtor Cheng deems her (EXEMPT), separate property, include but are not limited to:

a. Plaintiff/Non-Debtor Cheng's (non-party spouse of debtor): Funds in the Bank of America, Cathay Bank, and Wells Fargo Bank accounts in the name of Plaintiff/Non-Debtor Cheng are her sole and separate property. She and Judgment debtor Phillip Liang Zhang legally transmutated their separate assets in 2014; and her position is that no community property interest exists in any of the accounts described in the Notices of Levy, and further, under CCP § 703.140(b), and CCP §704.020, Plaintiff/Non-Debtor Cheng's bank balances are exempt from levy by the Writ of Execution based on the April 25, 2025 dated Amended Judgment (Dkt 91 in the Zhuhai Case) (Further discussion in following section) (See **Exhibits "9, 14, and 15,"** respectively.).

b. Emma Zhang's (daughter of Plaintiff/Non-Debtor Cheng) Bank of America Account #3795 holds Emma Zhang's earnings where she earned wages as a college intern and consists of gift money from her relatives. Plaintiff/Non-Debtor Cheng holds nominal signature rights on the Bank Account (Bank of America) in a parental custodial capacity so that Emma could open the account while she was a minor in 2020, but the Bank of America #3795 account is Emma's sole ownership. Bank of America opened the account in a title fashion that Plaintiff / Non-Debtor Cheng had no control over. Emma is not a judgment debtor; and thus those seized funds from her #3795 account are exempt as third-party property, and should be returned. (CCP 720.310(a). (*See* **Exhibit "9"** at pgs. 8-11 attached to the Application and fully incorporated herein, containing a copy of a May-June 2025 statement from Bank of America Account #3795, along with statements regarding

Plaintiff/Non-Debtor Cheng's Bank of America #6840 Account and safe deposit boxes, which should also be exempt.(*See also* Decl. of Cheng, at ¶ 12).

c. Plaintiff/Non-Debtor Cheng's (non-party spouse of debtor) Charles Schwab and Ascensus Retirement Accounts: These funds are undisputedly ERISA-qualified plans and Individual Retirement Account contributions, thus exempt from levy under CCP 704.115. (*See for example,* **Exhibits "3, 5, 10-11, 13, 16"** attached hereto.)

Thus, Plaintiff/Non-Debtor Cheng's contention is that she has a constitutional due process right to litigate the above-mentioned matter, and any other assets in her name that she contends are her separate property assets, before the Defendant/Judgment Creditor can encumber or levy on her assets. (*Taylor v. Sturgell,* 553 U.S. 880 (2008); *Richards v. Jefferson County,* 517 U.S. 793 (1996).)

## III. THE SUBJECT 2012 AND 2014 MARITAL AGREEMENTS, WHICH DELINEATE PLAINTIFF/NON-DEBTOR CHENG'S SEPARATE PROPERTY ASSETS

In 2012, **thirteen years before this matter**, Plaintiff/Non-Debtor Cheng set up a revocable living trust (the "2012 Living Trust") with her husband defendant Phillip Zhang ("Zhang" or "Debtor Zhang"). In said trust, two separate schedules of assets were used. One schedule for Zhang and one schedule for Cheng. Declaration of Plaintiff/Non-Debtor Cheng, at ¶ 3 (see also **Exhibit "1,"** July 16, 2025 Complaint, Dkt. 1-1 which contains a copy of the 2012 Living Trust.)

In 2014, **eleven years before this matter**, Debtor Zhang and Plaintiff/Non-Debtor Cheng entered into an "After Marriage Property Acquisition and Allocation Agreement – Property Assets Allocation Agreement (the "2014 Agreement"). The 2014 Agreement affirms the two separate schedules of the 2012 Living Trust. Collectively, the 2012 Living Trust and the 2014 Agreement are herein referred to as the "**Transmutation Agreement**." Cheng Decl. at ¶ 4. (see also **Exhibit "1,"** July 16, 2025 Complaint, Dkt. 1-2 which contains a copy of the 2014 Agreement.) *See also* California Family Code § 852.

**<u>California Family Code § 770</u>**

Separate property is defined as "(1) all property owned by the person before marriage, (2) [a]ll property acquired by the person after marriage by <u>gift, bequest</u>, devise, or descent, [and] (3) [t]he rents, issues, and profits of the property described [in (1) and (2)]." California Family Code § 770.

**<u>California Family Code § 852</u>**

A transmutation agreement is valid when made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected. (Cal. Family Code § 852(a).)

Here, the 2014 Agreement affirms the two separate schedules of the 2012 Living Trust. Collectively, the 2012 Living Trust and the 2014 Agreement, *i.e*., the "Transmutation Agreement," complies with Cal. Family Code § 852 because it was made in writing by an express declaration made, joined in, and consented to by Plaintiff/Non-Debtor Cheng, who is Zhang's spouse, and is thus valid.

Again, Plaintiff/Non-Debtor Cheng's contention is that her assets are separate from Defendant Zhang's and she has a constitutional due process right to litigate the subject accounts and any other assets in her name that she contends are her separate property, before the Defendant/Judgment Creditor can encumber or levy on her assets. (*Id.)*

## IV. DEFICIENCIES IN DEFENDANT/JUDGMENT CREDITOR'S ENFORCEMENT EFFORTS AND PLAINTIFF / NON-DEBTOR CHENG'S OBJECTIONS THERETO, WARRANTING EX PARTE RELIEF SUCH THAT HER CONTENDED SEPARATE PROPERTY ASSETS ARE NOT DISSIPATED

### 1. Plaintiff/Non-Debtor Cheng is Not a Judgment Debtor, and Defendant/Judgment Creditor's Levies Improperly Target Any And All Assets in Her Name

Defendant/Judgment Creditor's levies (see for example, **Exhibits "2-6"**)(collectively, "Levies") incorrectly target assets belonging solely to Plaintiff/Non-Debtor Cheng, the spouse of the judgment debtor, Phillip Liang Zhang. No factual basis or proof demonstrates that Plaintiff/Non-Debtor Cheng's assets at issue constitute community property. The simple claim that she is the spouse of the judgment debtor is insufficient.

The claims for levy on Plaintiff/Non-Debtor Cheng only state the debtor's spouse is Plaintiff/Non-Debtor Cheng, but do not specifically state or assert any claims that the spouse's property is subject to community property characterization, without which there is no basis for imposition of the Levies against the assets of Plaintiff/Non-Debtor Cheng. (*See* for example, Defendant/Judgment creditor's Spousal Affidavit dated April 8, 205, attached hereto as **Exhibit "12."**) Without such factual support of such specific claims, the Levies are overbroad and cannot be enforced against a third party's assets as they lack a legitimate and legally supportable claim of right. Asserting liability for the debtor's obligations against Plaintiff/Non-Debtor Cheng under a Judgment which does not identify Plaintiff/Non-Debtor Cheng as a debtor is therefore overbroad.

**2. <u>Defendant/Judgment Creditor's Defective Spousal Affidavit</u>**

The Levies are directed to claims against the accounts of Plaintiff/Non-Debtor Cheng and are supported by a declaration made on a "belief," but is lacking necessary factual assertions that the property is subject to community property principles. Such declarations are inadequate as a definition for justifying the seizure of a spouse's separate property under California law and federal execution procedures.

The April 8, 2025 Spousal Affidavit prepared by Defendant/Judgment Creditor's counsel (**Exhibit "12"**), for example, fails to specify any factual basis that would legitimately connect Plaintiff/Non-Debtor Cheng's assets to those of the debtor's (Zhang's) judgment obligations.

**3. Overbroad and Insufficient Description of Third-Party Accounts, which, as a Matter of Law, Cannot be Obligated for any Judgment against the Named Judgment Debtor**

After Defendant / Judgment Creditor Zhuhai Dingfu was made aware of the Transmutation Agreement (See Zhuhai Case, Dkt. 132, Opposition to Ex Parte Appl for Receiver dated July 2, 2025) and Objection and Claim of Exemption filed with the U.S, Marshall's office on July 3, 2025, notwithstanding this knowledge, the subsequent Levies list multiple accounts to be levied, including against Plaintiff/Non-Debtor Cheng's separate bank accounts, an account that includes her separate safe deposit box. As such, they are impermissibly overbroad and lack the specificity required by law. They fail to delineate why all of the listed accounts, separately maintained and individually held by Plaintiff/Non-Debtor Cheng, as separate property, would be subject to the execution of a judgment for Phillip Liang Zhang's debts.

Furthermore, the levying of account(s) belonging to Emma Cheng (daughter of Plaintiff/Non-Debtor Cheng) is likewise without any justification, is overbroad, as there is no factual or legal basis claimed as justification that Emma Chang's bank account is subject to a levy for the debtor's obligations. Furthermore, the funds levied are exempt from collection by creditors as educational benefits and educational aid funds of a college student. (CCP 704.190, 704.105, 704.190).

**4. Improperly Imposed Levies against IRAs**

The Levies are improperly imposed against the Individual Retirement Account (IRA) assets of the alleged judgment debtor, as well as against Julie XingZhou a.k.a. Plaintiff/Non-Debtor Cheng, who is not a party to the alleged judgment. Such IRA assets are exempt under statutory provisions. (See for example, **Exhibits "3, 5, 10-11, 13, 16"**) (CCP Sec. 704.115).

**5. Enforceability of the 2014 Asset Allocation Agreement AKA The Transmutation Agreement**

The parties' written Asset Allocation Agreement (*i.e.,* the "2014 Agreement"), constitutes a marital agreement reached in good faith between the parties, which may only be set aside on a narrow set of grounds do not present here. By its plain terms, each of the bank and brokerage accounts at issue remained the sole and separate property of Plaintiff/Non-Debtor Cheng. Where a valid marital agreement characterizes her assets as separate property, any suggestion of community property liability for the judgment debt, even though not claimed, is overcome. As such, the Levies to reach these accounts run directly counter to the separate status of Plaintiff/Non-Debtor Cheng's separate accounts and are barred as a matter of law.

**6. <u>Third-Party and Minor Exemptions Under CCP 703.080 & 704.050</u>**

California Code of Civil Procedure § 703.080 protects 'third-party property' from execution, and § 703.080(b) specifically exempts property held in the name of a non-debtor-even if the non-debtor is the judgment debtor's spouse or child. Here, the Spousal Affidavit submitted (**Exhibit "12"**) has not provided any claim to justify seizure of Plaintiff/Non-Debtor Cheng's property levied, except that she is the spouse of the judgment debtor and that Emma Chang is his daughter. Both Plaintiff/Non-Debtor Cheng and her daughter Emma Chang are otherwise non-parties to the judgment debt.

**7. <u>Retirement Plan Exemption-BRISA and IRA Protections</u>**

Federal law independently shields ERISA-qualified plans from execution: 29 U.S.C. § 1056(d)(l) precludes a judgment creditor from attaching or obtaining an assignment of the plan assets. CCP § 704.115 specifically exempts individual retirement accounts from levy. The Levies specifically identify these accounts, but their attempts to seize the Schwab and Ascensus IRAs thus violates both state and federal statutory protections and must be prevented. (*See* **Exhibits "3, 5"** attached hereto.)

**8. Immediate Release and Return of Seized Funds: Defendant/Judgment Creditor's March 27, 2025 Writ of Execution (Based on Original Judgment entered in Jan. 2025) Was Superseded by its July 11, 2025 Writ of Execution (Based on Amended Judgment entered in April 2025)**

In addition to seeking any further enforcement efforts against Plaintiff/Non-Debtor Cheng be stayed until the Current Action is adjudicated, to the extent any prior judgment enforcement efforts/levies by Defendant/Judgment Creditor were undertaken pursuant to an outdated and superseded Writ of Execution, those funds should likewise be returned to their original source.

Specifically, Judgment Creditor does not dispute that its March 27, 2025 Writ of Execution (Dkt. 76 in the Zhuhai Case) (based on the Original Judgment) was superseded by its July 11, 2025 Writ of Execution (based on its Amended Judgment) (Dkt. 91 in the Zhuhai Case). (See Judgment Creditor's letter July 29, 2025 letter to the U.S. Marshals Service, attached hereto as **Exhibit "8,"** at pg. 1, last paragraph, to pg. 2 first paragraph. Moreover, the July 11, 2025 Writ of Execution was not submitted to the United States Marshal for enforcement until July 28, 2025. Thus, any account funds of Plaintiff/Non-Debtor Cheng levied prior to such date or thereafter that were based on the outdated/superseded writ (and the outdated Original Judgment) should be returned to their original source, including but not limited to Plaintiff/Non-Debtor Cheng's accounts at: Wells Fargo Bank, Charles Schwab, Cathay Bank, Ascensus Trust Company; and Bank of America. (See **Exhibit "8,"** at pg. 1, last paragraph.)

Said letter also concluded by stating: "As the Superseded Writ is no longer in effect, the processes that were served with the Superseded Writ **are no longer valid**." (See **Exhibit "8,"** at pg. 1, last paragraph, to pg. 2, first paragraph.)(Emphasis added.) Therefore, any funds levied pursuant to the "Superseded Writ" (and the non-operative Original Judgment) should be returned.

Due to the improperly supported and executed levies based on the "Superseded Writ" (and the outdated Original Judgment), immediate corrective action must be taken, including

the cessation of further levies and the prompt return of funds seized from Plaintiff/Non-Debtor Cheng's accounts and her daughter Emma Zhang's BOA #3795 accounts.

## V. CONCLUSION

Based on the foregoing, Plaintiff/Non-Debtor Cheng respectfully requests her Ex Parte Application be granted in its entirety.

Respectfully submitted,

**WU & REDDY, A PROF. CORP.**

Dated: August 22, 2025

By: /s/ Vikram M. Reddy______
Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
Amanda M. Lee, Esq.
Attorneys for Plaintiff and Non-Debtor Julie X. Cheng

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF filing system.

Dated this 22nd day of August, 2025.

/s/ Vikram M. Reddy
Vikram M. Reddy