UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01553-MRA-JDEx | Date | September 2, 2025 |
| Title | *Julie Cheng v. Zhuhai Dingfu Phase I Indus. Energy Conservation Inv. Fund, LP* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO STAY ENFORCEMENT OF JUDGMENT [12]**

Before the Court is Plaintiff and Non-Debtor Julie Xingzhou Cheng's Ex Parte Application to Stay Enforcement of Judgment Creditor's Judgment (Original and Amended), as to Any and All Assets in the Name of Plaintiff/Non-Debtor Cheng Pending Resolution of this Action (the "Ex Parte Application"). ECF 12.

To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Plaintiff fails to show why ex parte relief is justified. Although Plaintiff argues that good cause exists to stay enforcement of the judgment, the Court agrees with Defendant that the relief sought is indistinct from a preliminary injunction, and the record is far too detailed and complex to be resolved on an *ex parte* basis before any discovery has been had.

Accordingly, Plaintiff's Ex Parte Application is **DENIED**.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku